UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOSEPH D. YOUNG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO. 3:18-cv-00327 |
| | ) JUDGE CAMPBELL |
| MARCUS FLOYD, *et al.*, | ) MAGISTRATE JUDGE HOLMES |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

Plaintiff Joseph D. Young, a pre-trial detainee currently in the custody of the Davidson County Sheriff's Office in Nashville, Tennessee, filed a pro se, in forma pauperis complaint under 42 U.S.C. § 1983 against Marcus Floyd and the Davidson County Sheriff's Office, alleging violations of his civil rights. (Doc. No. 1). Since the filing of his complaint, Plaintiff has submitted three notices and one letter to the Court in which he restates and/or clarifies the allegations in the complaint. (Doc. Nos. 4, 5, 6, 7).

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

**I.     PLRA Screening Standard**

Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and

1

summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

II. **Section 1983 Standard**

Plaintiff brings his complaint under 42 U.S.C. § 1983. Section 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a

2

plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Tahfs v. Proctor,* 316 F.3d 584, 590 (6th Cir. 2003); 42 U.S.C. § 1983.

## III. Alleged Facts

The complaint alleges that Plaintiff is innocent of two offenses with which he has been charged in Davidson County, Tennessee. (Doc. No. 1 at 6). Prosecutor Marcus Floyd offered Plaintiff a plea deal with respect to these two charges. (*Id.*) Plaintiff believes that he has spent the past fourteen months in jail for crimes he did not commit; he feels he was arrested because he has a criminal history and is a black man. (*Id.* at 5). Plaintiff also alleges that he was physically assaulted by another inmate while in the custody of the Davidson County Sheriff's Office. (*Id.* at 7).

## IV. Analysis

First, the complaint names the Davidson County Sheriff's Office as a Defendant to this action. (Doc. No. 1 at 2). However, the Davidson County Sheriff's Office is not a suable entity under Section § 1983. *See Mathes v. Metro. Gov't of Nashville & Davidson Cnty.*, No. 3:10–cv–0496, 2010 WL 3341889, at *2 (M.D. Tenn. Aug. 25, 2010) ("[F]ederal district courts in Tennessee have frequently and uniformly held that police departments and sheriff's departments are not proper parties to a § 1983 suit.")(collecting cases)). Thus, Plaintiff's claims against the Davidson County Sheriff's Office must be dismissed.

Giving this pro se complaint a liberal construction, the Court could construe Plaintiff's complaint as an attempt to state claims against Davidson County, Tennessee. While Davidson County is a suable entity, it is responsible under Section 1983 only for its "own illegal acts. [It is]

not vicariously liable under § 1983 for [its] employees' actions." *Connick v. Thompson*, 563 U.S. 51, 131 S. Ct. 1350, 1359, 179 L.Ed.2d 417 (2011) (internal citations and quotation marks omitted). Under Section 1983, a municipality can only be held liable if the plaintiff demonstrates that the alleged federal violation was a direct result of the city's official policy or custom. *Burgess v. Fisher*, 735 F.3d 462, 478 (6th Cir.2013) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 693, 98 S. Ct. 2018, 56 L.Ed.2d 611 (1978)); *Regets v. City of Plymouth*, 568 Fed. Appx. 380, 2014 WL 2596562, at *12 (6th Cir. 2014) (quoting *Slusher v. Carson*, 540 F.3d 449, 456-57 (6th Cir. 2008)). A plaintiff can make a showing of an illegal policy or custom by demonstrating one of the following: (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom or tolerance or acquiescence of federal rights violations. *Burgess*, 735 F.3d at 478.

Here, the allegations of the complaint are insufficient to state a claim for municipal liability against Davidson County under Section 1983. The complaint does not identify or describe any of Davidson County's policies, procedures, practices, or customs relating to training; it does not identify any particular shortcomings in that training or how those shortcomings caused the alleged violations of Plaintiff's rights; and it does not identify any other previous instances of similar violations that would have put Davidson County on notice of a problem. *See Okolo v. Metro. Gov't of Nashville*, 892 F. Supp.2d 931, 944 (M.D. Tenn. 2012); *Hutchison v. Metro. Gov't of Nashville*, 685 F. Supp.2d 747, 751 (M.D. Tenn. 2010); *Johnson v. Metro. Gov't of Nashville*, No. 3:10-cv-0589, 2010 WL 3619790, at **2-3 (M.D. Tenn. Sept. 13, 2010). Accordingly, the Court finds that the complaint does not contain sufficient allegations to state a claim for municipal liability against Davidson County. Any such claim will be dismissed.

Plaintiff also names state prosecutor Marcus Floyd as a Defendant to this action in his official capacity only. As relief, Plaintiff asks for Floyd to "pay . . . for every single day" Plaintiff has been in the custody of the Davidson County Sheriff's Office. (Doc. No. 1 at 7). However, Plaintiff cannot sue a prosecutor for money damages arising from the institution of criminal proceedings against him. Prosecutors are absolutely immune from suit for actions taken in initiating and pursuing criminal prosecutions because that conduct is "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430–31, 96 S. Ct. 984, 47 L.Ed.2d 128 (1976). "A prosecutor's decision to initiate a prosecution, including the decision to file a criminal complaint or seek an arrest warrant, is protected by absolute immunity." *Howell v. Sanders*, 668 F.3d 344, 351 (6th Cir. 2012). Therefore, Plaintiff's claims for money damages against Marcus Floyd for these activities are barred by absolute prosecutorial immunity. *Id.* at 427–28; *Burns v. Reed*, 500 U.S. 478, 490–492, 111 S. Ct. 1934, 114 L.Ed.2d 547 (1991); *Grant v. Hollenbach*, 870 F.2d 1135, 1137 (6th Cir. 1989); *Jones v. Shankland*, 800 F.2d 77, 80 (6th Cir. 1986).

Plaintiff mentions in the "Relief Requested" portion of his complaint that he has been physically assaulted by another inmate while in the custody of the Davidson County Sheriff's Office. (Doc. No. 1 at 7). The Eighth Amendment to the United States Constitution requires officers to "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–527, 104 S. Ct. 3194, 82 L.Ed.2d 393 (1984)). Although prison officials have a duty to protect prisoners from assault by other prisoners, the Supreme Court has recognized that jail and prison officials cannot be expected to prevent every assault before it occurs or to stop every assault in progress before injuries are inflicted. Thus, "a prison official may be held liable under the Eighth Amendment . . . only if he

5

knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. That is, the inmate must show both that the risk of harm is sufficiently "serious," an objective inquiry, and that prison officials acted with "deliberate indifference" to inmate health or safety, a subjective inquiry. *Id.* at 837-38; *Helling v. McKinney*, 509 U.S. 25, 32, 113 S. Ct. 2475, 125 L.Ed.2d 22 (1993). Thus, "a prison official may be held liable under the Eighth Amendment . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847.

To the extent that Plaintiff attempts to allege a failure to protect claim, Plaintiff does not identify who failed to protect him from harm from another inmate. In fact, Plaintiff does not provide any details regarding the alleged assault and does not state who he believes should be held liable for the assault. Therefore, the complaint necessarily fails to allege that any individual had prior knowledge that Plaintiff was at a substantial risk of serious harm or that any individual acted with deliberate indifference to any such risk. *Id.* at 837-38 (the inmate must show both that the risk of harm is sufficiently "serious" and that the prison officials acted with "deliberate indifference" to inmate health or safety). Based on the allegations of the complaint, the Court finds that the Plaintiff has failed to allege that either of the named Defendants, or anyone else, acted with deliberate indifference with respect to the attack on Plaintiff. Therefore, the complaint fails to an Eighth Amendment failure to protect claim against either Defendant, and the claim will be dismissed.

The crux of Plaintiff's complaint is that he being wrongfully imprisoned. However, such claims are not appropriately brought in a Section 1983 action. The law is well established that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of

his confinement . . . even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994)(citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973))(emphasis added). A Section 1983 claim challenging confinement must be dismissed, even where a plaintiff seeks only injunctive or monetary relief. *Heck*, 512 U.S. at 489-90 (claim for damages is not cognizable); *Preiser*, 411 U.S. at 488-90 (claim for injunctive relief is only cognizable under 28 U.S.C. § 2254). Additionally, a state prisoner does not state a cognizable claim under Section 1983 where a ruling on his claim would imply the invalidity of his conviction and/or confinement, unless and until the conviction has been favorably terminated, *i.e.*, reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486-87; *Ruff v. Runyon*, 258 F.3d 498, 502 (6th Cir. 2001). The United States Supreme Court extended *Heck* a few years later to bar Section 1983 actions that do not directly challenge confinement, but instead challenge the procedures that imply unlawful confinement. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997).

Under *Heck*, Plaintiff's claims concerning the validity of his arrests and his continued confinement would be more appropriately brought in a separate petition for writ of habeas corpus, not in a civil rights complaint. Those claims will be dismissed without prejudice, should Plaintiff wish to pursue them via the appropriate legal route.

**V.     Conclusion**

For the reasons explained above, the Court finds that the complaint fails to state claims upon which relief can be granted under 42 U.S.C. § 1983 against either Defendant. 28 U.S.C. § 1915A. Therefore, this action will be dismissed. 28 U.S.C. § 1915(e)(2).

7

An appropriate Order will be entered.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE